Chief Justice Robertson,
delivered the opinion of the court.
Burnt was indicted for permitting unlawful gaming in his house. A jury, after hearing the testimony, having delivered to the clerk a verdict, dedaring that, as there bad been no satisfactory proof as to the house in which the gaming was permitted, therefore .they found that Burk was not guilty.
The circuit judge, before the jury had been asked whether they agreed to the verdict, had a witness (who had been examined on the trial,) called and examined, to prove the identity of the house; and, thereupon, the jury, without retiring from the bar, changed their finding to a verdict of guilty, on which the court rendered judgment. J °
The counsel for Burk objected to .the re-examination of the witness, and insisted that he had' a right to a judgment on the first verdict.
The right of trial by jury is inevitable. Nothing should he done by courts which may impair.its If the verdict had been received' and recorded, or the jury had been dismissed, the said judge would have had no right to alter the verdict, or to require' the same jury to reconsider it. Chitty’s' Criminal Law, 648.'-
But the delivery of the finding to the clerk is not. conclusive. Perhaps it was not the verdict of all the jurors. They had not said, after it had been read to them, that it was their verdict. They had a right to rectify it. And after it had been altered by them, the circuit court could not have rendered a judgment of not guilty, especially as the court could not have known that the finding, as returned in the first instance, was the verdict of the jury.
It does not appear that Burk was surprised by the re-examination of the witness, or that he desired to introduce counteracting evidence, or to be heard again after the re-examination, or that he moved for a new trial. It seems to this court, therefore, that the judg *676 ment is right, unless a judgment could have been, and-could yet be rendered on ti'.e first finding..
T. T. Crittenden, for plaintiff; Denny, attorney genial' for Commonwealth.
Now, it is evident, that, if this court should reverse the judgment, the circuit court could not give judgment on the first finding, because there is no sufficient evidence that it was the verdict of the jury, and because the jury changed it before it had been recorded, or they had been dismissed.
Tt is not shewn that the circuit judge encroached on the rights of the jury in directing the re-examination of the witness; for it does riot appear that the jury-had agreed oil a verdict, or that they did not desire to hear the witness again. Moreover, it is manifest that the’ reason assigned for finding Burk not guilty, in the first instance, did not justify that conclusion. In such a case, especially when, as in this case, the prosecution ,is only quasi criminal, we cannot doubt that a jury may reconsider, and that the-circuit judge may recommend such a course.
Wherefore, the judgment is affirmed.